UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
EVOLUTION CAPITAL MANAGEMENT, LLC,   :
      Plaintiff,   :   **COMPLAINT**
:
      -against-   :   No. 1:17-cv-_____
:
JOHN DOES 1-10,   :
:   **JURY TRIAL DEMANDED**
:
      Defendants.   :
------------------------------------------------------------------- x

Plaintiff Evolution Capital Management, LLC ("Evolution" or "Plaintiff"), by its undersigned counsel, alleges against defendants John Does 1-10 (collectively, "John Doe Defendants") as follows:

## NATURE OF THE ACTION

1. This action is occasioned by an unscrupulous attempt on the part of the John Doe Defendants to "hack" into Plaintiff's email systems and illegally access Plaintiff's email communication system.

2. The current identities of the John Doe Defendants are unknown. Beginning on January 2, 2017 and dates thereafter, computer e-mail servers belonging to Evolution were subjected to "brute force" attacks whereby the John Doe Defendants made over 35,000 attempts to overcome Evolution's email authentication protocols. During the attacks, Evolution's computer servers were overwhelmed with attempted access, and upon information and belief, access to the servers was curtailed.

3. The brute force attacks originated from internet protocol (IP) addresses pertaining to web servers owned by Amazon Web Services, Inc.

## PARTIES

4. Plaintiff Evolution is an elite alternative investment firm. Evolution is a limited liability company formed in the State of Delaware.

5. The John Doe Defendants are unknown persons, or are agents of juristic persons, who have engaged in the acts described herein, and may be located in Asia and the United States, including New York. Evolution is presently unaware of the true names and capacities of the Defendants, and therefore, sues those persons by such fictitious names. Evolution will amend this Complaint to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the controversy involves a question arising under the Constitution, laws, or treaties of the United States.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because part of the events or omissions giving rise to the Plaintiff's claims occurred, upon information and belief, in this District, and web server host Amazon Web Services, Inc., through which the attacks occurred, conducts continuous and systematic business in this District.

## FIRST CAUSE OF ACTION

### BREACH OF THE STORED COMMUNICATIONS ACT

8. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 7 of the Complaint as if fully set forth herein.

9. The Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2510, *et seq.*, broadly defines an "electronic communication" as "any transfer of signs, signals,

writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo-electronic, or photo-optical system that affects interstate or foreign commerce." 18 U.S.C. § 2510(12). The Stored Communications Act (the "SCA"), 18 U.S.C. § 2701, *et seq.*, incorporates this definition and expands the scope of the ECPA.

10. The SCA mandates, among other things, that it is unlawful for a person to obtain access to stored communications on another's computer system without authorization. 18 U.S.C. § 2701.

11. Here, the John Doe Defendants violated the SCA by attempting to access Plaintiff's email system without permission and by blocking access to the email system through brute force attacks. Accordingly, Plaintiff seeks the maximum statutory and punitive damages, as well as attorneys' fees, available pursuant to 18 U.S.C. § 2707 against the John Doe Defendants.

## SECOND CAUSE OF ACTION

### UNLAWFUL WIRE TAP

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. Under the ECPA, any person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, oral, or electronic communication" violates the Act. 18 U.S.C. § 2511 (1)(A).

14. The John Doe defendants impermissibly attempted to wire tap Plaintiff's electronic communications.

15. Plaintiff is entitled to preliminary, equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 a day for each day of violation. Plaintiff is also entitled to reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

#### COMPUTER FRAUD

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. The Computer Fraud and Abuse Act ("CFAA"), codified as 18 U.S.C. § 1030 *et seq.*, permits civil actions arising out of various cyber infractions. Among other things, the CFAA prohibits: (1) the unauthorized accessing (2) of a "protected" computer (3) with the intent to either (a) obtain information, (b) further a fraud, or (c) damage the computer or its data.

18. The John Doe Defendants violated the CFAA by carrying out a brute force attack on Plaintiff's email servers and thereby damaging the servers and Plaintiff.

19. Accordingly, Plaintiff seeks the maximum compensatory damages and other equitable relief pursuant to 18 U.S.C. § 1030(g) against the John Doe Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment:

(a) In favor of Plaintiff and against the John Doe Defendants on the First, Second, and Third Causes of Action;

(b) Awarding Plaintiff compensation and statutory damages for any and all damages, injury or harm;

(c) Awarding Plaintiff punitive and exemplary damages;

(d)   Awarding Plaintiff costs and disbursements in this action, together with reasonable attorneys' fees; and

(e)   Ordering and awarding equitable and such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
   May 18, 2017

                ZEISLER PLLC

                By: _____
                   Aaron M. Zeisler
                   Robert Carrillo
                750 Third Avenue, 9th Floor
                New York, New York 10017
                Tel: (212) 671-1921
                aaron@zeisler-law.com
                robert@zeisler-law.com

                *Attorneys for Plaintiff Evolution Capital Management, LLC*

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes a demand pursuant to Federal Rule of Civil Procedure 38 for a trial by jury on all issues triable to a jury.

Dated: New York, New York
        May 13, 2017

                                                ZEISLER PLLC

                                                By: _____
                                                    Aaron M. Zeisler
                                                    Robert Carrillo
                                            750 Third Avenue, 9th Floor
                                            New York, New York 10017
                                            Tel: (212) 671-1921
                                            aaron@zeisler-law.com
                                            robert@zeisler-law.com

                                            *Attorneys for Plaintiff Evolution Capital Management, LLC*